**Geoffrey Polk**
7627 Lake St Ste 206 A34
River Forest, IL  60305
(312)929-3861

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| PRESIDENTIAL TITLE LLC, a Texas limited liability company | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )   C.A. No.: ) )   JURY TRIAL DEMANDED ) |
| THE TEXAS INSURANCE COMMISSIONER, CASSIE BROWN in her official capacity | ) ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff, Presidential Title LLC, a Texas limited liability company ("Presidential"), through counsel, files this Complaint, and hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

2. The Defendant is subject to the personal jurisdiction of this Court because they are an officer of the state of Texas and thus reside in the state of Texas.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this suit occurred in this district.

1

**FACTUAL ALLEGATIONS**

4. Plaintiff Presidential Title LLC (hereafter "Presidential"), a Texas limited liability company, is currently licensed by the Texas Department of Insurance (hereafter "TDI") as a title insurance producer, License No. 3090940.

5. To obtain and maintain that license, Presidential was required to establish a physical office location within the State of Texas, as mandated by Texas Insurance Code §2652.1511(c)(2)(B).

6. Texas Insurance Code §2652.1511(c)(2)(B) provides that in order to appoint an escrow officer a title insurance agent or direct operation must certify that "the title insurance agent or direct operation has an office in this state."

7. Currently, Presidential does have an office lease at 1515 S Capital of Texas Hwy #206, Austin, TX 78746. The monthly rent is $600.00 per month.

8. This office is not staffed, not used for any meaningful purpose, and exists solely to comply with Texas's statutory in-state office mandate.

9. But for this legal requirement, Presidential would not maintain an office in Texas, as all operational, communications, and transactional functions are performed remotely or from its national headquarters.

10. Presidential operates as a modern, technology-enabled title agency that services transactions across multiple states without the need for physical, staffed offices in each jurisdiction. Its business model emphasizes efficiency, remote document processing, encrypted communications, and secure cloud-based closing portals.

11. Requiring Presidential to maintain a dedicated, physical, and physically staffed office in Texas—when its digital infrastructure already enables full service delivery—is a direct

restraint on its business model and creates an economic barrier to participation in Texas's title industry.

12. The office requirement forces Presidential to divert operational resources away from innovation and customer service to lease, maintain, and pay for unused property that provides no functional benefit to the company or to consumers.

13. Presidential does not serve walk-in customers at the Austin location and has never conducted a closing at the Texas office.

14. The location exists solely to satisfy Texas Insurance Code §2652.1511(c)(2)(B), and thus the law imposes an economic penalty on out-of-state digital providers who cannot leverage the same geographic default benefits as Texas-based companies.

15. This burden is particularly acute for companies headquartered outside Texas who must comply with duplicative regulatory regimes and redundant physical infrastructure in order to serve customers equally. The result is a two-tiered system where local companies operate freely under a familiar business model, while out-of-state competitors are punished for offering services in a more modern and cost-effective way.

16. Texas's mandatory office requirement suppresses competition, protects entrenched providers, and burdens out-of-state market entrants such as Plaintiff.

17. Cassie Brown, the Commissioner of the Texas Department of Insurance, is charged with making determinations relating to the licensure of Texas Title producers and enforcing the Texas Code and Texas Title Insurance Basic Manual.

18. Violation of any of these rules subjects an agent to disciplinary action, fines, and loss of license.

19. Texas Insurance Code §2652.1511(c)(2)(B) and the Texas Title Insurance Basic Manual are mandatory in its terms and contains no waiver or hardship exception.

## CONSTITUTIONAL ALLEGATIONS

20. Plaintiff re-alleges and incorporate by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

21. Plaintiff incorporates by reference all prior paragraphs of the Complaint herein.

22. Texas Insurance Code §2652.1511(c)(2)(B) and the Texas Title Insurance Basic Manual requirements that Presidential have a "physical office" in Texas is an unconstitutional discrimination against Presidential in violation of the Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8.

23. The Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8, delegates to Congress the exclusive power to regulate interstate commerce. This power operates as a restraint on the legislative power of the states even when Congress has not expressly exercised that power, a doctrine known as the "dormant" Commerce Clause.

24. Any law that discriminates against interstate commerce in purpose or effect is *per se* unconstitutional. Even non-discriminatory burdens on interstate commerce are unconstitutional where the burdens imposed on interstate commerce are excessive in relation to the putative local benefits.

25. Texas Insurance Code §2652.1511(c)(2)(B) and the Texas Title Insurance Basic Manual requirements that Presidential have a "physical office" in Texas has a discriminatory effect on interstate commerce and out-of-state title agents wishing to do business in Texas. Texas residents may designate their home or first office as their definite place of business, while non-resident must incur additional costs to establish an in-state office to do business in the state.

26. Texas Insurance Code §2652.1511(c)(2)(B) and the Texas Title Insurance Basic Manual requirements that Presidential have a "physical office" in Texas has an additional discriminatory effect: it requires non-residents to travel to their definite place of business in Texas to do business there, subjecting them to substantially higher costs and putting them on an unequal playing field.

27. This discrimination serves no legitimate local purpose, and even if it did, those purposes could be served by nondiscriminatory means.

28. This requirement also unduly burden interstate commerce. They impose significant burdens on non-resident Texas title agents, including paying for additional rent, utilities, maintenance, and travel. They force title agents to perform services in Texas even if they can be done more efficiently in another state.

29. This gives residents a competitive advantage over non-residents and dissuades non-residents from doing business in the state.

30. The burden on interstate commerce is not justified by any putative local benefit.

31. The requirements bear no relationship to ensuring title agents are fit for the trade, to regulating the profession, to accessing records, or to otherwise protecting consumer welfare. Instead, it serves only to protect residents from legitimate out-of-state competition and economic protectionism is not a constitutionally legitimate local benefit.

32. The burdens imposed by this requirement are excessive in relation to the local benefits.

33. Plaintiff has suffered and will continue to suffer substantial and irreparable harm unless these requirements are declared unlawful and enjoined by this Court.

34. Texas Insurance Code §2652.1511(c)(2)(B) and the Texas Title Insurance Basic Manual requirements that Presidential have a "physical office" in Texas constitutes an unconstitutional discrimination against Presidential in violation of the Equal Protection Clause of the United States Constitution, as applied to the states via the 14th Amendment, as it lacks any "rational basis" and does not serve a legitimate governmental interest.

### COUNT I:  DECLARATORY JUDGMENT

35. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

36. An actual controversy exists between Plaintiff and Defendant as to the legality of Texas Insurance Code §2652.1511(c)(2)(B) and the Texas Title Insurance Basic Manual requirement that Presidential have a "physical office" in Texas.

37. The parties have antagonistic claims involved which indicate imminent and inevitable litigation.

38. Plaintiff asserts a legal right or policy that the Defendant adamantly challenges and denies.

39. Presidential requests from this Court a Declaratory Judgment declaring Texas Insurance Code §2652.1511(c)(2)(B) and the Texas Title Insurance Basic Manual requirement that Presidential have a "physical office" in Texas is unconstitutional and in violation of the Interstate Commerce Clause of the U.S. Constitution, Article I, Section 8, and the Equal Protection Clause of the United States Constitution, as applied to the states via the 14th Amendment.

### COUNT II: INJUNCTIVE RELIEF

40. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

41. Presidential requests from this court injunctive relief ordering the Defendant to cease Texas Insurance Code §2652.1511(c)(2)(B) and the Texas Title Insurance Basic Manual requirement that Presidential have a "physical office" in Texas in violation of the United States Constitution.

42. Plaintiff is being substantially and irreparably harmed by these actions.

### COUNT III: VIOLATION OF 42 U.S.C. §1983

43. Plaintiff re-alleges and incorporate by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

44. Plaintiff incorporates by reference all prior paragraphs of the Complaint herein.

45. By enforcing Texas Insurance Code §2652.1511(c)(2)(B) and the Texas Title Insurance Basic Manual requirements that Presidential have a "physical office" in Texas, Defendant, acting under color of state law, is depriving Plaintiffs of rights secured by the Constitution, including the Commerce Clause and the Equal Protection Clause, in violation of 42 U.S.C. § 1983.

### COUNT IV: VIOLATION OF SHERMAN ANTITRUST ACT (15 U.S.C. §1)

46. Plaintiff re-alleges and incorporate by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

47. Texas Insurance Code §2652.1511(c)(2)(B) and the Texas Title Insurance Basic Manual requirements that Presidential have a "physical office" in Texas functions as non-price geographic restraints that operates to limit competition among title insurance providers.

48. The requirement prevents out-of-state firms—particularly remote or technology-enabled providers—from participating in the Texas market unless they incur unnecessary fixed costs, effectively protecting entrenched in-state incumbents from competitive entry.

49. The restraints are not an inherent feature of the business, nor does it reflect a legitimate regulatory goal. Instead, it serves to allocate the Texas title market geographically and functionally excludes low-cost and non-traditional providers.

50. The Texas Insurance Department does not actively supervise or narrowly tailor these restraints to ensure consumer protection. Rather, it enforces rules that stifles entry and reinforce market concentration under the guise of licensure.

51. The challenged restriction therefore constitutes a concerted anticompetitive restraint on trade in violation of the Sherman Act and is not entitled to state-action immunity.

## **COUNT V: VIOLATION OF THE TEXAS BUSINESS & COMMERCE CODE (CODE §15.05)**

52. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

53. Texas Insurance Code §2652.1511(c)(2)(B) and the Texas Title Insurance Basic Manual requirements that Presidential have a "physical office" in Texas functions as a non-price geographic restraints on trade that impair competition and exclude qualified market participants from operating in Texas's title insurance industry.

54. This requirement does not advance any legitimate public interest and instead serves to shield incumbent, locally headquartered title companies from out-of-state and technology-enabled competition.

55. The restriction thereby constitutes a restraint of trade under Code §15.05, and its enforcement violates the Texas Business & Commerce Code.

WHEREFORE, Polk prays to the end, therefore:

A. THAT, this Honorable Court may pass a judgment against Defendant declaring Texas Insurance Code §2652.1511(c)(2)(B) and the Texas Title Insurance Basic Manual requirement that Presidential have a "physical office" in Texas is

unconstitutional and in violation of the Commerce Clause of the United States Constitution.

B. THAT, this Honorable Court may pass a judgment against Defendant declaring Texas Insurance Code §2652.1511(c)(2)(B) and the Texas Title Insurance Basic Manual requirement that Presidential have a "physical office" in Texas is unconstitutional and in violation of the Equal Protection Clause of the United States Constitution, as applied to the states through the 14th amendment;

C. THAT, this Honorable Court declare and enjoin the enforcement of Texas Insurance Code §2652.1511(c)(2)(B) and the Texas Title Insurance Basic Manual requirement that Presidential have a "physical office" in Texas, insofar as it imposes an in-state office requirement that unreasonably restrains trade and restricts market entry in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1;

D. THAT, this Honorable Court declare and enjoin the enforcement of Texas Insurance Code §2652.1511(c)(2)(B) and the Texas Title Insurance Basic Manual requirement that Presidential have a "physical office" in Texas, insofar as it imposes requirements that unreasonably restrains trade and restricts market entry in violation of the Texas Business & Commerce Code;

E. THAT, this Honorable Court may pass an order of injunctive relief commanding and ordering Defendant to refrain from enforcing Texas Insurance Code §2652.1511(c)(2)(B) and the Texas Title Insurance Basic Manual requirement that Presidential have a "physical office" in Texas;

F. THAT, Plaintiff may have such other relief as the nature of this cause of action may require.

        //Geoffrey Polk
Geoffrey Polk, Esq.
7627 Lake St. Ste 206 A34
River Forest, IL  60305
Ph: 312-929-3861
Email : Geoff@geoffreypolk.com
Attorney for Presidential Title LLC